ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LUIS E. LIMAS URQUILLA RECURRIDO<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.; CLEAN HARBORS CARIBE, INC.; CLEAN HARBORS ENVIRONMENTAL, INC.; A, B Y C COMPAÑÍAS DE SEGURO PETICIONARIA | KLCE202301177 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2021CV03059<br><br><br>Sobre: Despido injustificado |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Clean Harbors Caribe, Inc. (en adelante, Clean Harbors o peticionario) comparece ante este Tribunal de Apelaciones mediante el presente recurso de *certiorari* y nos solicita que revoquemos la *Resolución*, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante este dictamen, el foro primario declaró *no ha lugar* la solicitud de sentencia sumaria total que solicitó Clean Harbors.

Por los fundamentos expuestos a continuación, acordamos no expedir el recurso ante nuestra consideración.

**I**

El Sr. Limas Urquilla presentó una querella, al amparo de la Ley Núm. 2 de Procedimiento Sumario, mediante la cual imputó que fue despedido en violación a los parámetros reconocidos por la Ley Núm. 80. A través de esta precisó que trabajó para Clean Harbors, donde ocupó su último puesto como *operations manager*, por tres meses cuando fue despedido. Desde el 2018 el Sr. Osborne, encargado de la evaluación de cualquier asunto de desempeño de los empleados de la empresa, fungió como su supervisor.

Número Identificador
RES2023_____

A partir de diciembre de 2020, la peticionaria comenzó a realizar cambios organizacionales. Posteriormente, el 24 de marzo de 2021, el recurrido fue despedido debido a que su puesto como *operations manager* fue eliminado durante la aludida reorganización. Las funciones de su puesto las absorbió otro puesto, por lo que estas fueron distribuidas a otros empleados prexistentes.

La peticionaria contestó la querella presentada en su contra, al negar que el despido fuese arbitrario o caprichoso y, que su proceder obedeció un interés legítimo de proteger la operación de su negocio. Entiéndase, que su despido se debió a la reestructuración o reorganización legítima de las operaciones de Clean Harbor.

Como parte del descubrimiento de prueba, las partes tuvieron la oportunidad de cursar pliegos de interrogatorios, requerimientos de producción de documento, así como deposiciones al Sr. Osborne y al propio recurrido. Culminada esta etapa del proceso, la peticionaria presentó *Moción de Sentencia Sumaria Total*, mediante la cual solicitó la desestimación de la querella presentada en su contra. Por su parte, el recurrido se opuso a la moción de desestimación al aducir que había diez hechos en controversia que ameritaban la celebración de un juicio en su fondo.

El Tribunal de Primera Instancia emitió la resolución recurrida mediante la cual declaró *no ha lugar* la moción de sentencia sumaria de la peticionaria. En este dictamen, el foro recurrido identificó siete controversias de hechos que impedían la resolución sumaria de las causas. Inconforme, la peticionaria presentó una *Moción de reconsideración y solicitud de determinaciones de hechos adicionales*, la cual fue denegada.

Por consiguiente, Clean Harbors presentó el recurso de *certiorari* ante nuestra consideración, en el cual expone que el foro primario cometió los siguientes errores:

> Erró y abusó de su discreción el Tribunal de Primera Instancia, Sala Superior de Bayamón, al negarse a acoger

como hechos incontrovertidos los que versan sobre la reorganización de Clean Harbors, los cuales están apoyados por evidencia admisible en juicio, así como por las propias admisiones del recurrido y que no fueron refutados ni controvertidos.

Erró y abusó de su discreción el Tribunal de Primera Instancia, Sala Superior de Bayamón, al determinar que existen materias en controversia que impiden al foro *a quo* autorizar la solicitud de sentencia sumaria de Clean Harbors.

El recurrido presentó su oposición a la expedición del recurso de *certiorari*, en la cual sostuvo que hubo ausencia total de evidencia sobre la puesta en vigor de un plan de reorganización y de que dicho plan haya cumplido con los requerimientos jurisprudenciales para ello.

**II**

A. *Certiorari*

El auto de *certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016). En esencia consiste en un recurso extraordinario caracterizado por que descansa en la discreción del tribunal para su expedición, la cual no es irrestricta. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El tribunal tiene discreción para atender el asunto planteado, bien sea para expedir o denegar el auto. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). En estos casos procede un análisis dual para determinar si se expide o no un recurso de *certiorari*, el cual consta de una parte objetiva y otra subjetiva.

Primero, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LRPA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones interlocutorias del Tribunal de Primera Instancia será expedido, entre otros, cuando se recurra de la denegatoria de una moción de carácter dispositivo u alguna orden bajo las Reglas 56 y 57. A esos efectos, el primer examen para que un recurso de *certiorari* sea expedido es que tenga cabida bajo uno de los escenarios contemplados en la

Regla 52.1, *supra*. Este primer examen consiste en una evaluación objetiva de los parámetros de esta Regla.

Superada esta primera etapa, procede examinar si se justifica nuestra intervención a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40. Recuérdese que es un recurso que depende de la discreción del tribunal revisor. Conforme a esta Regla, los criterios que justifican nuestra intervención son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, la discreción judicial no opera en el vacío. En etapa de revisión judicial es norma reiterada que el Tribunal de Apelaciones no habrá de intervenir con el ejercicio de discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

El auto de *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido, por tanto, debemos ejercer nuestra discreción para evaluar si, a la luz de estos criterios, se requiere nuestra intervención. Si no fuera así, procede que nos abstengamos de expedir el auto, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**B. Sentencia Sumaria**

El mecanismo de sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, *supra*. Este mecanismo "responde al propósito de aligerar la conclusión de los pleitos eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente." *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001) *que cita a Caquías v. Asoc. Res. Mansiones Rio Piedras*, 134 DPR 181 (1993). Véase, además, *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). Conforme a esta Regla, para poder adjudicar en los méritos una moción de sentencia sumaria lo que se requiere es que se presente "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" ya sea sobre la totalidad de la reclamación o parte de esta. Por su parte, la Regla 36.3 establece los requisitos de forma, a ser cumplidos por la parte promovente y la parte promovida. Si el promovente incumple los requisitos de forma, "el tribunal no estará obligado a considerar su pedido." *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015). Por el contrario, si el promovido es quien incumple dichos requisitos "el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho." *Id.*, *que cita a SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

En definitiva, el promovente de una moción de sentencia sumaria "debe demostrar que no existe controversia sustancial o real en cuanto a algún hecho material, es decir, en cuanto a ningún componente de la causa de acción." *Meléndez González et al. v. M. Cuebas*, *supra*, en la pág. 110. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable." *Id.*, *que cita a Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Por ello, "[l]a controversia debe ser de una

calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario." *Ramos Pérez v. Univisión*, *supra*. La sentencia sumaria solo debe dictarse en casos claros. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000).

Por tratarse de un remedio de carácter discrecional, "'[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley'." *Mgmt. Adm. Servs. Corp. v. E.L.A.*, *supra*. Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González et al. v. M. Cuebas*, *supra*, a las págs. 109-110. De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso, deberá resolverse contra la parte que solicita la moción, por lo que será necesario la celebración de un juicio. *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 133 (1992).

Por otro lado, este Tribunal revisor se encuentra en la misma posición que el Tribunal de Primera Instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del foro primario, estamos limitados de dos maneras: (1) solo podemos considerar los documentos que se presentaron ante el foro de instancia; y (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el Derecho se aplicó de forma correcta. Esto es, no estamos compelidos a adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio. *Id.*, a la pág. 335.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es de *novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 118. Además, reiteró que por estar en la misma posición que el foro primario, debemos revisar que, tanto la moción de sentencia sumaria, como su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id.* Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. *Id.* Esta determinación puede hacerse en la sentencia que disponga del caso y se puede hacer referencia al listado de hechos incontrovertidos que emitió el foro primario en su dictamen. *Id.* Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde revisar de *novo* si el foro impugnado aplicó correctamente el Derecho a los hechos incontrovertidos. *Id.*, a la pág. 119.

Finalmente, cabe señalar que, al dictar una sentencia sumaria, el tribunal deberá realizar un análisis dual que consiste en: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal; y (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por

los documentos. *Vera v. Dr. Bravo*, *supra*, a la pág. 333. Una vez realizado este análisis, el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de Derecho no procede. *Id.*, a las págs. 333-334.

### C. Despido Injustificado

La *Ley Sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976, 29 LPRA sec. 185a, establece que todo empleado que trabaja para un patrono mediante remuneración, contratado sin tiempo determinado, que sea despedido sin justa causa, tendrá derecho a recibir de su patrono una indemnización. El propósito de esta ley es "proteger a los empleados de actuaciones arbitrarias del patrono al disponer de remedios económicos que desalienten los despidos injustificados". *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 770 (2022). Por tanto, el fin es uno social y coercitivo, pues se castiga al patrono que despide injustificadamente, y además provee una indemnización al empleado. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Es importante señalar que no hay ninguna prohibición absoluta al despido de un empleado ya que siempre puede despedirse un empleado si existe justa causa. Sin embargo, cuando no hay justa causa, el patrono deberá indemnizar mediante el pago de la mesada. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209 (2015).

Por *justa causa*, se entiende aquel despido que no esté motivado por razones legalmente prohibidas y que no sea resultado del mero capricho del patrono, además, aquellos despidos que afecten el buen y normal funcionamiento de un establecimiento. 29 LPRA sec. 185b; véase *León Torres v. Rivera Lebrón*, 194 DPR 20 (2020). La ley expresamente contempla determinadas situaciones que se entienden como justa causa para el despido de un empleado. Entre estas se encuentran: (1) patrón de

conducta impropia del empleado; (2) patrón de desempeño deficiente del empleado; (3) violación de los reglamentos de la empresa; (4) cierre total, temporero, o parcial de las operaciones de la empresa; (5) reorganización; y (6) reducción en el volumen de producción de la empresa. *Id.*

Los patronos tienen autoridad para establecer los reglamentos internos y normas de conducta en el lugar de empleo que estimen necesarios. Una vez adoptadas, los empleados están sujetos a cumplir estas reglas, siempre que sean razonables. Por tanto, las violaciones a estas normas del empleo serán *justa causa* para el despido cuando el patrono demuestre: (1) que las reglas son razonables; (2) que se le suministró copia escrita de dichas normas al empleado, y (3) que el empleado las violó en reiteradas ocasiones. *Jusino et als. v. Walgreens*, *supra*, en la pág. 573.

**III**

En el presente recurso, el peticionario sostiene que el Tribunal de Primera Instancia erró al no acoger como un hecho incontrovertido aquellos relacionados a la reorganización de Clean Harbors, aun cuando sostiene que hubo evidencia al respecto y que el recurrido lo admitió. Además, señaló que no había controversia de hechos alguna que impidiera la autorización de una sentencia sumaria a su favor.

Examinado de *novo* el expediente ante nuestra consideración, concluimos que el Tribunal de Primera Instancia no erró ni abusó de su discreción al determinar que existen controversias de hecho que no permiten la adjudicación mediante sentencia sumaria. Precisamente, la moción de sentencia sumaria total del peticionario no logró establecer claramente que el despido del recurrido se debió a una reestructuración organizacional de la empresa. Mas bien, surge que durante diciembre del 2020 efectuó una reestructuración de la empresa que conllevó el cambio de puesto del recurrido. Sin embargo, aproximadamente dos meses y medio después, este fue despedido.

Conforme a la carta de despedido que le fue cursada al recurrido, se le informó a este que su separación se debió a quejas presentadas en su contra o al incumplimiento de este con los deberes de su puesto.[1] Así lo reconoció su supervisor Sr. Osborne durante su deposición al declarar que el despido del recurrido no se debió a la reestructuración sino que supuesto incumplimiento de este con sus deberes.[2] Por otro lado, el recurrido reconoció que enfrentó problemas en su nueva posición, indicó que se debió a los cambios que pretendían implantar pero ante la falta de los programas no podía cumplir sus funciones.[3] Así las cosas, se encuentra en controversia la verdadera razón que motivó el despido del recurrido, hecho que impide la aplicación de la sentencia sumaria. Además, se encuentra en controversia la existencia de la reorganización de la empresa y las demás determinaciones de hechos en controversia relacionadas a este.

**IV**

Por los fundamentos anteriores, a la luz de los criterios que guían nuestra discreción, declaramos no ha lugar la expedición del recurso de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] *Recurso de Certiorari*, Apéndice del recurso en las págs. 379-380.
[2] *Id.*, en las pág. 17, línea 6, hasta la pág. 25.
[3] *Id.*, en la pág. 192, líneas 4-25, hasta la pág. 194, línea 12.